ELIZABETH HANSON CUTTING, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Cutting v. Commissioner
Docket No. 9117-87
United States Tax Court
1993 U.S. Tax Ct. LEXIS 95; April 20, 1993, Entered STEPHEN D. GARDNER, Counsel for Petitioner, KRONISH, LIEB, WEINER & HELLMAN. New York, NY JODY TANCER, Assistant District Counsel, New York, New York. Swift, Judge. Swift
CD-EMC EQUIPMENT LEASING Judge Swift
DECISION
Pursuant to the stipulation of the parties filed in the above-entitled case, and incorporating herein the facts stipulated by the parties as the findings of the Court, it is ORDERED AND DECIDED: That there is a statutory deficiency in income tax due from the petitioner *96 for the taxable year 1975 in the amount of $ 45,800.00, which amount has been paid and that there is an overpayment in income taxes due to the petitioner for the taxable year 1975 in the amount of $ 139,200.00, which amount was paid after the mailing of the notice of deficiency; That there is a deficiency in income tax due from the petitioner for the taxable year 1976 in the amount of $ 3,016.00; That there are no additions to tax due from the petitioner for the taxable years 1975 and 1976, under the provisions of I.R.C. § 6653(a); and That no part of the deficiencies due from the petitioner for the taxable years 1975 and 1976 are substantial underpayments attributable to tax-motivated transactions for purposes of computing the interest payable pursuant to I.R.C. § 6621(c), formerly I.R.C. § 6621(d). Swift, Judge It is hereby stipulated that the Court may enter the foregoing decision in the above-entitled case in accordance with the stipulation of the parties submitted herewith. It is further stipulated that, effective upon the entry of this decision by the Court, petitioner waives the restrictions contained in I.R.C. § 6213(a) prohibiting assessment and collection *97 of the deficiency (plus statutory interest) until the decision of the Tax Court becomes final. It is further stipulated that any reduction in tax payment for the year 1975 due to the adjustment in earned income credit by reason of the above decision will be repaid by the petitioner upon notification by an Internal Revenue Service Center. DAVID L. JORDAN Acting Chief Counsel Internal Revenue Service